Dear Ms. Alcock:
You have requested an opinion of the Attorney General regarding whether the Bayou Cane Fire Protection District (BCFPD) is legally authorized or legally obligated to provide a former employee with post-retirement medical benefits. Your opinion has been assigned to me for research and reply.
As your letter states, Mr. Gautreaux was a long time employee of the BCFPD. On December 9, 2002, Mr. Gautreaux's employment status with the BCFPD changed, and he entered into an employment agreement with the BCFPD to act as Superintendent. Mr. Gautreaux's employment status with the BCFPD, neither before nor after the agreement, provided for post-retirement medical benefits. Furthermore, although the BCFPD full-time employees are offered medical benefits during employment, it is the current policy of the BCFPD that retirees are not offered post-retirement medical benefits.
Mr. Gautreaux retired from the BCFPD on January 31, 2008. Upon retirement, he began receiving retirement benefits under the state's Firefighter Retirement System, La.R.S. 11:2251 et seq. The Louisiana Firefighter Retirement System does not provide post-retirement medical benefits.
On or about February 14, 2008, the BCFPD hired Mr. Gautreaux back as a consultant pursuant to a consultant contract which expired January 31, 2009. On January 31, 2009, the BCFPD extended Mr. Gautreaux's consultant contract for sixty (60) days. The extension of the consultant contract similarly did not provide for post-retirement medical benefits. Now, the BCFPD requests an opinion of our office regarding whether the BCFPD is authorized or legally obligated to provide post-retirement benefits to Mr. Gautreaux once the consultant contract expires. *Page 2 
With your opinion request, you have provided our office with a copy of the 2002 Employment Agreement; the terms of the consultant contract; the "Standard Operating Procedures and Rules and Regulations of Bayou Cane Fire Department/District;" the Terrebonne Parish Consolidated Government's insurance provisions; and the BCFPD's current Blue Cross Blue Shield insurance policy. While these agreements provide for medical benefits during employment, none provide for post-retirement medical benefits.
The fire district is classified by Louisiana statute as a political subdivision. La.R.S. 40:1492(C) states in pertinent part:
 Fire protection districts so created are subdivisions of the state within the meaning of the laws of this state relating to the voting and levying of special maintenance taxes, incurring debt, and issuing bonds therefore. . .
Your question must be addressed in light of La.Const. Art. VII, Sec. 14(A) which provides in pertinent part:
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
The Louisiana Supreme Court held that La.Const. art. VII, § 14(A) "is violated when public funds or property are gratuitously alienated."Board of Directors of the Industrial Development Board of the City ofGonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizens ofthe City of Gonzales, et al., 2005-2298 (La. 9/6/06), 938 So.2d 11, 20
(the "Cabela's" case). In light of the Cabela's case, it is the opinion of this office that in order for an expenditure or transfer of public funds to be permissible under Art. VII, Sec. 14(A), the public entity must have the legal authority to make the expenditure and must show:
 (1) A public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue;
 (2) That the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and
 (3) That the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds.
The employment agreement with Mr. Gautreaux does not provide for post-retirement medical benefits. Furthermore, the BCFPD does not have a reasonable expectation of receiving at least equivalent value in exchange for the *Page 3 
expenditure of public funds. As such, payment of Mr. Gautreaux of post-retirement medical benefits would be a gratuitous alienation of public funds. Thus, it is the opinion of this office that payment of post-retirement medical benefits to Mr. Gautreaux as a retiree or consultant would not be permissible as such an expenditure would constitute a prohibited donation pursuant to La.Const. Art. VII, Sec 14(A).
We hope that this sufficiently answers your inquiry. However, if we may be of further assistance, please do not hesitate to contact our Office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ ERIN C. DAY Assistant Attorney General
 JDC/ECD/sfj
 OPINION NUMBER 09-0045
Ms. Courtney E. Alcock. Attorney General of Louisiana — Opinion May 20, 2009. *Page 1 
47-A-1 FIRE PROTECTION DISTRICTS
90-A-1 PUBLIC FUNDS CONTRACTS
La.Const. Art. VII, Sec. 14; La.R.S. 40:1492
 The Bayou Cane Fire Protection District is not authorized to provide post-retirement medical benefits to a retiree when it is under no obligation to do so. Such payment would be a donation of public funds prohibited by La.Const. Art. VII, Sec 14(A).
 Ms. Courtney E. Alcock Attorney Bayou Cane Fire Protection District P.O. Box 1905 Houma, Louisiana 70361
JAMES D. "BUDDY" CALDWELL, Attorney General
Dear Ms. Alcock:
You have requested an opinion of the Attorney General regarding whether the Bayou Cane Fire Protection District (BCFPD) is legally authorized or legally obligated to provide a former employee with post-retirement medical benefits. Your opinion has been assigned to me for research and reply.
As your letter states, Mr. Gautreaux was a long time employee of the BCFPD. On December 9, 2002, Mr. Gautreaux's employment status with the BCFPD changed, and he entered into an employment agreement with the BCFPD to act as Superintendent. Mr. Gautreaux's employment status with the BCFPD, neither before nor after the agreement, provided for post-retirement medical benefits. Furthermore, although the BCFPD full-time employees are offered medical benefits during employment, it is the current policy of the BCFPD that retirees are not offered post-retirement medical benefits.
Mr. Gautreaux retired from the BCFPD on January 31, 2008. Upon retirement, he began receiving retirement benefits under the state's Firefighter Retirement System, La.R.S. 11:2251 et seq. The Louisiana Firefighter Retirement System does not provide post-retirement medical benefits.
On or about February 14, 2008, the BCFPD hired Mr. Gautreaux back as a consultant pursuant to a consultant contract which expired January 31, 2009. On January 31, 2009, the BCFPD extended Mr. Gautreaux's consultant contract for sixty (60) days. The extension of the consultant contract similarly did not provide for post-retirement medical benefits. Now, the BCFPD requests an opinion of our office regarding whether the BCFPD is authorized or legally obligated to provide post-retirement benefits to Mr. Gautreaux once the consultant contract expires. *Page 2 
With your opinion request, you have provided our office with a copy of the 2002 Employment Agreement; the terms of the consultant contract; the "Standard Operating Procedures and Rules and Regulations of Bayou Cane Fire Department/District;" the Terrebonne Parish Consolidated Government's insurance provisions; and the BCFPD's current Blue Cross Blue Shield insurance policy. While these agreements provide for medical benefits during employment, none provide for post-retirement medical benefits.
The fire district is classified by Louisiana statute as a political subdivision. La.R.S. 40:1492(C) states in pertinent part:
 Fire protection districts so created are subdivisions of the state within the meaning of the laws of this state relating to the voting and levying of special maintenance taxes, incurring debt, and issuing bonds therefore. . .
Your question must be addressed in light of La.Const. Art. VII, Sec. 14(A) which provides in pertinent part:
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
The Louisiana Supreme Court held that La.Const. art. VII, § 14(A) "is violated when public funds or property are gratuitously alienated."Board of Directors of the Industrial Development Board of the City ofGonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizens ofthe City of Gonzales, et al., 2005-2298 (La. 9/6/06), 938 So.2d 11, 20
(the "Cabela's" case). In light of the Cabela's case, it is the opinion of this office that in order for an expenditure or transfer of public funds to be permissible under Art. VII, Sec. 14(A), the public entity must have the legal authority to make the expenditure and must show:
 (1) A public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue;
 (2) That the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and
 (3) That the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds.
The employment agreement with Mr. Gautreaux does not provide for postretirement medical benefits. Furthermore, the BCFPD does not have a reasonable expectation of receiving at least equivalent value in exchange for the *Page 3 
expenditure of public funds. As such, payment of Mr. Gautreaux of postretirement medical benefits would be a gratuitous alienation of public funds. Thus, it is the opinion of this office that payment of post-retirement medical benefits to Mr. Gautreaux as a retiree or consultant would not be permissible as such an expenditure would constitute a prohibited donation pursuant to La.Const. Art. VII, Sec 14(A).
We hope that this sufficiently answers your inquiry. However, if we may be of further assistance, please do not hesitate to contact our Office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ ERIN C. DAY Assistant Attorney General
 JDC/ECD/sfj